# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SYLVESTER THOMAS,

           Petitioner,

v.                                                                   Case No. 10-CV-0613

BYRAN BARTOW,

           Respondent.

_____

## ORDER

Complying with the court's June 30, 2011 order (Docket #18), the petitioner, Sylvester Thomas ("Thomas"), has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #19, #20). Mr. Thomas' submissions indicate that the petitioner was convicted on April 13, 1992, in Milwaukee County Circuit Court of third degree sexual assault, a violation of Wis. Stat. § 940.225. He claims that he was sentenced to probation, although public records indicate that Mr. Thomas was sentenced to a term of prison that was revoked on May 21, 2003. *See* Wisconsin Circuit Court Access (WCCA), Case No. 1991CF912453, http://wcca.wicourts.gov. Mr. Thomas' supervised release status appears to have then been revoked in May of 2006. The petitioner's prison term ended in October of 2007. Public records further show that a petition was filed on October 10, 2007, under Wis. Stat. § 980 to civilly commit Mr. Thomas as a "sexually violent person" ("SVP"). *See* Wisconsin Circuit Court Access (WCCA), Case No. 2007CI000011, http://wcca.wicourts.gov. Since the time that petition was filed, the petitioner has been confined at the Wisconsin Resource Center in Winnebago,

Wisconsin. Mr. Thomas' habeas petition challenges his pretrial commitment as an SVP. Before the court allows briefing on the legality of the petitioner's confinement, the court looks at what the present status of Mr. Thomas' state court case is. This is particularly important because Mr. Thomas' last habeas petition, Case No. 09-CV-0640, filed under 28 U.S.C. § 2254, was ultimately dismissed for the petitioner's failure to show that he exhausted his state remedies.

Following the filing in October of 2007 of the petition to civilly commit Mr. Thomas as an SVP, and in accordance with the procedure outlined in Wis. Stat. § 980.04, Milwaukee County Circuit Court Judge Patricia McMahon ("McMahon") held a probable cause hearing on November 20, 2007, ultimately finding that probable cause existed to believe that Mr. Thomas is SVP. As a result, pursuant to Wis. Stat. § 980.05, a trial to determine whether the petitioner is an SVP was scheduled for February 11, 2008. However, two weeks before his scheduled trial, the defendant, waived his right to a speedy trial under the limits imposed by Wis. Stat. § 980.05, and opted to have his trial delayed pending a medical examination by Dr. Charles S. Lodl ("Lodl"). After several scheduled status conferences were cancelled – many in anticipation of Dr. Lodl's findings from the examination – Mr. Thomas' court appointed attorney moved to withdraw from the case in late August of 2008. This would be the first of many withdrawal motions filed by either the petitioner's state appointed attorney or Mr. Thomas himself. New counsel, Mr. Thomas E. Harris ("Harris"), was finally appointed for Mr. Thomas on October 27,

2008. However, Mr. Harris requested a ninety-day adjournment so that he could get up to speed on the case, which the court granted.

Nonetheless, as the case entered 2009, any resolution to Mr. Thomas' case was far away. After Mr. Harris was appointed, the petitioner filed a *pro se* motion to have Mr. Harris removed from the case. At a status conference on January 12, 2009, Judge McMahon allowed Mr. Harris to withdraw from the case, and the state public defender's office was again tasked with finding new counsel for Mr. Thomas. By mid-February of 2009, the petitioner had new counsel, Mr. Nathan Opland-Dobs ("Opland-Dobs"), who argued that Mr. Thomas was "not competent to proceed and not competent to represent himself." The court, accordingly, scheduled a status conference where Mr. Thomas would appear via video. At a status conference on February 27, 2009, Judge McMahon ordered that Mr. Thomas be examined for competency to proceed to trial.[1]

On March 30, 2009, the state court held yet another status conference, at which Mr. Thomas was not present. The petitioner's latest attorney moved to withdraw from the case, but the court declined to rule on the motion as Mr. Thomas had specifically requested to be present for all future hearings. Before another hearing occurred, the petitioner filed numerous *pro se* motions in the state court, including a motion to redo the probable cause hearing and a motion to dismiss. The state court held another hearing in the matter on April 6, 2009. Judge McMahon

---

[1] During the status conference, the docket notes that the defendant became "combatitive [sic] during the proceedings and abruptly left the hearing room before the hearing was concluded."

found that Mr. Thomas was unable to represent himself and disregarded his *pro se* motions, but allowed Mr. Opland-Dobs to withdraw from the case, necessitating that new counsel be appointed. The state court also ordered that a new competency report be submitted. While the state public defender's attempted to find another attorney to represent the petitioner, Mr. Thomas continued to file *pro se* motions and letters with the court. On April 21, 2009, Attorney Robert Peterson ("Peterson") was appointed to represent Mr. Thomas.

Two week later, the court received the report of an examining physician, Dr. Robert Rawski, and on May 22, 2009, another status conference occurred. For reasons unstated on the docket, Judge McMahon adjourned that status conference until July of 2009. On July 16, 2009, the state court held a hearing attended by Mr. Thomas via video conference, his latest attorney, Mr. Peterson, and an attorney for the state of Wisconsin. In what had apparently become the norm in the case, Mr. Peterson moved to withdraw from the case, and Judge McMahon granted the motion. The clerk of the court notified the public defender's office to, yet again, find new counsel for Mr. Thomas. Judge McMahon also notified the parties that the case would be reassigned to Judge Kevin E. Martens ("Martens").

Judge Martens entered the petitioner's state court case on September 11, 2009, when he held a status conference where Mr. Thomas' latest attorney, Theodore Roy Nanz ("Nanz"), appeared. The attorney for the state of Wisconsin requested that the matter be promptly scheduled for a final pretrial conference and a jury trial. The court obliged, scheduling a pretrial conference for February 19,

2010, and jury trial for March 1, 2010. However, before such a conference could occur, Mr. Thomas continued to inundate the court with filings – such as a motion for "summary judgment" – and Mr. Nanz filed a motion to withdraw as counsel. At a status conference on December 7, 2009, Judge Martens granted the motion to withdraw. The state public defender's office was again asked to find counsel for Mr. Thomas.

Attorney David M. Rolnick ("Rolnick") was appointed by the state court on January 28, 2010. Being such a late entry into the case, Mr. Rolnick asked that the court remove the final pretrial conference and the jury trial from the court's calendar, which the court did. It does not appear from the public records that Judge Martens rescheduled the trial, but the court did have several hearings on motions in limine in the case in the late spring of 2010. After the state court had made rulings on the pretrial motions, on June 22, 2010, Mr. Thomas opted to file a few *pro se* motions of his own, including another motion to have his latest attorney withdraw. Judge Martens held a motion hearing on July 26, 2010, and, noting that the petitioner was now on what appeared to be his seventh or eighth attorney in the case, the court denied the motion to have Mr. Rolnick withdraw. The court scheduled a status conference for October 1, 2010.

Mr. Thomas then opted to appeal the trial court's decision. The docket indicates that the Wisconsin Court of Appeals dismissed the petitioner's appeal and the Wisconsin Supreme Court denied Mr. Thomas' petition for review. After Mr. Thomas' appeals of the courts' July 26, 2010 rulings were resolved the court held

a scheduling conference in April of this year, setting a final pretrial conference of June 30, 2011, and trial date of July 25, 2011.  Following another round of *pro se* motions by the petitioner, the court rescheduled the final pretrial conference for July 13, 2011.  At that conference, Judge Martens scheduled a motion hearing for July 25, 2011, to resolve the pending motions before the court.  However, at the motion hearing, technical problems prevented the court from proceeding.  To make matters more complicated, the parties were notified that the case would be reassigned to a new judge for a hearing this August.  The case remains open and Mr. Thomas awaits trial on whether he should be civilly committed as an SVP.

This extensive discussion of Mr. Thomas' state court case indicates that he is still awaiting trial in Wisconsin, which means that the petitioner is appropriately seeking relief under 28 U.S.C. § 2241, as opposed to 28 U.S.C. § 2254.  However, pretrial habeas jurisdiction generally should only be exercised where extraordinary circumstances exist and a petitioner has exhausted state court remedies.  *Tran v. Bartow*, 210 Fed. Appx. 538, 539-540 (7th Cir. 2006).  Indeed, the Supreme Court has explained that if a case "presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis." *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987). Here, the Wisconsin Court of Appeals and Wisconsin Supreme Court have only had an opportunity to rule on the merits of Judge Martens' decision to not withdraw one

of Mr. Thomas' state appointed counsel.² The Wisconsin courts have not had an opportunity to rule on the subject matter that underlies Mr. Thomas' habeas petition – i.e., whether the petitioner's pretrial detainment is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States."). As Mr. Thomas is actively pursuing a challenge in state court to his civil commitment with the assistance of counsel, the outcome of his state court case is still in doubt – indeed, the petitioner may not even be committed under the statute. Given the unresolved factual and legal questions surrounding Mr. Thomas' case, this court finds that the interests of comity and judicial efficiency counsel for requiring complete exhaustion to ensure that if and when the appropriate time arrives, the petitioner can present a far more cogent case for federal habeas review. Moreover, there is nothing "extraordinary" about this case that warrants exercising federal pretrial habeas jurisdiction other than the extreme amount of time that has passed without a trial on whether Mr. Thomas should be committed. However, even a passing glance at the docket for this case indicates that Mr. Thomas is responsible for the majority of the delay in his

---

² The court surmises that Mr. Thomas presented such a limited legal issue based on what is available from public records. Unfortunately, Mr. Thomas' petition, while filled with page after page of his legal musings, fails to demonstrate what issues he presented to the Wisconsin appellate courts. It is without question that it is Mr. Thomas' burden to prove exhaustion. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971) ("The burden was on the petitioner of proving compliance with the exhaustion requirement"); *McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (holding that habeas petitioner has the burden of proving exhaustion of state remedies); *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008) (same); *DeFoy v. McCullough*, 393 F.3d 439, 443 (3rd Cir. 2005) (same); *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (same); *Carmichael v. White*, 163 F.3d 1044, 1046 (8th Cir. 1998) (same).

state court proceedings, given his waiver of his statutory right to a speedy trial and his near constant efforts to force his counsel to withdraw from the case. As such, the court must dismiss the instant petition for failure to exhaust state remedies.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** for failure to exhaust state remedies.

Dated at Milwaukee, Wisconsin, this 11th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge